People v Bajramaj (2023 NY Slip Op 51497(U))

[*1]

People v Bajramaj

2023 NY Slip Op 51497(U)

Decided on July 25, 2023

City Court Of Yonkers

Medina, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 25, 2023
City Court of Yonkers

The People of the State of New York, Plaintiff

against
Samih Bajramaj, Defendant

Docket No. TZ0880121 

Zev Goldstein, Esq.
The Law Offices of Zev Goldstein, PLLC
PO Box 952
450 Route 304
New City, NY 10956
Alexandra R Bisesi, Esq.
Associate Corporation Counsel
City of Yonkers, Dept. of Law
40 South Broadway
City Hall Room 300
Yonkers, NY 10701

Ada D. Medina, J.

The following papers, numbered 1-2, were read and considered on defendant's motion for a writ of error coram nobis to vacate the judgment and withdraw defendant's guilty plea.
Papers Numbered
Notice of Motion and Affidavits Annexed1
Opposition 2
On March 20, 2002 defendant pled guilty to a speeding violation, pursuant to Vehicle and Traffic Law § 1180[d], here in the City Court of Yonkers. This Court sentenced defendant, on the same day, to a fine in the amount of $150.00 and a surcharge in the amount of $25.00. 
On June 6, 2023 defendant submitted the instant motion for a writ of error coram nobis to vacate the judgment and withdraw defendant's guilty plea. Defendant argues when he entered his guilty plea he was not aware the conviction would lead to a lifetime revocation of his New York State (hereinafter "NYS") driver's license. Corporation Counsel for the City of Yonkers submitted opposition on behalf of the People. 
On September 25, 2012 the New York State Department of Motor Vehicles (hereinafter [*2]"DMV") adopted a regulation governing applications for relicensing following a license revocation made by persons with multiple alcohol-related or drug-related driving convictions. (People v. Maggio, 210 AD3d 798, 799 [2nd Dep't 2022]; 15 NYCRR 136.5). Under the current law, a motorist is subjected to a permanent license revocation upon receiving five (5) alcohol and/or drug related driving convictions. Additionally, motorists with three (3) or four (4) alcohol and/or drug related driving convictions who, in addition, accumulate twenty (20) points or more with regard to any traffic violation within twenty-five (25) years are subjected to a lifetime driver's license revocation, the same as, a motorist with five (5) alcohol and/or drug related convictions. (Id.).
Defendant concedes, as of the date of the instant motion, he has a lifetime revocation of his NYS driver's license based upon having three (3) alcohol and/or drug related traffic convictions, as well as, more than twenty (20) points on his driving record related to other violations. (Defendant's Motion Affirmation, para. 7; Affidavit, para. 2-3). Defendant states " he did not understand that a plea of guilty would cause a lifetime revocation" [and] "that this lifetime revocation is critically hurting his ability to earn a livelihood and take care of family." (Id. at Affirmation, para. 9; Affidavit, para. 3-5).
In opposition, Corporation Counsel for the City of Yonkers, argues on behalf of the People that lifetime revocation of a driver's license is a collateral consequence of defendant's guilty plea which does not warrant vacating the plea. (see Opposition, pg. 3, para. 13). Opposing counsel argues defendant's plea was knowingly and voluntarily entered into, therefore, this Court must consider defendant's full driving history when determining this case.
This Court has conducted a thorough review of defendant's driving abstract as submitted to this Court by both parties. This Court notes defendant has a lengthy record of driving convictions. Three (3) of defendant's convictions are for the following alcohol and/or drug related incidents:
2012 — Driving While Ability Impaired Using Drugs;
2008 — Driving While Ability Impaired Using Drugs;
2002 — Driving While Ability Impaired by Alcohol
In addition to the above, defendant has twenty-nine (29) convictions resulting in the assessment of more than twenty (20) points to his driver's license. These additional convictions range in time from 1998 through 2016. The only conviction defendant challenges in the instant motion is his March 20, 2002 guilty plea to speeding, pursuant to Vehicle and Traffic Law § 1180[d], in the City of Yonkers. It is important to note the incident resulting in the conviction defendant challenges occurred in 1998. However, defendant did not plead guilty to this charge until 2002. From 1998-2002 defendant accumulated twelve (12) traffic convictions, most of which were not disposed of until 2002, and only one (1) of which occurred in the City of Yonkers.
Defendant relies upon eight (8) cases related to the issue at hand, however, fails to cite a more recent and binding Supreme Court, Appellate Division, Second Department opinion on this issue. (see Defendant's Motion, para. 12). The defendant in People v. Maggio (210 AD3d 798 [2nd Dep't 2022]) pled guilty to Driving While Intoxicated in 2010, prior to the DMV's revised regulations, analogous to the facts here. Thereafter, in 2020, defendant Maggio, moved to vacate his conviction " on the ground that he was not made aware that entering a plea of guilty could result in the permanent revocation of his driver license and, thus, his right to due process had been violated. (Id. at 799). The Appellate Division declined to vacate his plea, found his [*3]plea was knowingly, voluntarily, and intelligently entered into and stated "[t]he defendant's grievance lies with the enactment and enforcement of the new regulation, not the manner of his conviction." (Id. at 800).
Defendant's license revocation is a collateral consequence of his guilty plea. Collateral consequences are defined by courts as those which are specific to an individual defendant, such as the loss of a driver's license. (Id.; People v. Pazmino, 78 Misc 3d 831 [Queens County Crim. Ct. 2023]; People v. Avital, 64 Misc 3d 483 [East Fishkill 2019]). Consequently, it has been held the failure to warn a defendant of such collateral consequences will not warrant vacating a plea because they are peculiar to the individual and generally result from actions taken by agencies the court does not control and may be based upon prior conduct of defendant unrelated to the specific conviction. (People v. Jastrzebski, 66 Misc 3d 171 [Sullivan County 2019]).
Here, the collateral consequence of defendant's license revocation is a result of actions taken by the DMV, a government agency this Court does not control, as well as, defendant's own conduct with regard to his total number of traffic convictions. It is only after defendant was subsequently convicted numerous additional times in various other jurisdictions, which ultimately triggered a lifetime revocation of his license. Accordingly, defendant has not convinced this Court that if this speeding conviction were vacated, this would have any positive impact on lifting the lifetime revocation based on defendant's numerous other traffic convictions. 
Defendant's speeding ticket in the City of Yonkers was defendant's second driving related incident. The fine and surcharge incurred were relatively low for a guilty plea and the penalties against defendant, if he had gone to trial and lost, most likely would have been much more severe. Under these circumstances, it was not unreasonable or irrational for defendant to have pled guilty to the subject traffic infraction. Since this traffic infraction was defendant's second incident at the time, this Court is not convinced defendant would not have pled guilty, even if, a lifetime revocation law were in effect back in 1998-2002.
As such, defendant's motion for a writ of error coram nobis to vacate the judgment and withdraw defendant's guilty plea is hereby DENIED. Defendant's conviction stands.